UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONALD PERRY,

    Plaintiff,

v.                                  Case No: 2:18-cv-621-FtM-38MRM

JULIE JONES, A. G. WALKER, T. G.
JERDE, FNU SPRAY, JANE DOE, J.
DAWSON, K. WILLIAMS, FNU
WILLIS and JOHN DOE,

    Defendants.
_____/

## OPINION AND ORDER[1]

Plaintiff Donald Perry, a prisoner confined within the Florida Department of Corrections, initiated this case by filing a civil rights complaint under 42 U.S.C. § 1983 on September 17, 2010, while confined at Union Correctional Institution, located in Raiford, Florida (Doc. 1). Plaintiff accompanied the filing of his civil rights complaint with a "Notice to This Court" (Doc. 2) stating that his life is in danger and referring the Court to his allegations in his Complaint, and motion to proceed *in forma pauperis* (Doc. 4). Upon review of Plaintiff's Complaint and prior litigation history, the Court concludes that this

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

case should be dismissed under 28 U.S.C. § 1915(g), because Plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiating this suit.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* is required to pay the filing fee at the time they initiate his lawsuit, and the failure to do so warrants dismissal of the case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

The Court takes judicial notice that Plaintiff, while incarcerated, has previously had three or more prior federal civil actions or appeals dismissed as frivolous or for failure to state a claim upon which relief may be granted: *See* the following cases from the United States Middle District of Florida Case Nos. (1) 3:90-cv-524-J-16; (2) 3:91-cv-933-J-14; (3) 3:92-cv-100-J-14; (4) 3:92-cv-1379-J-20; (5) 3:93-cv-513-J-20; (6) 3:93-cv-1165-J-20; (7) 3:93-cv-1341-J-16. Indeed, the Eleventh Circuit has listed Plaintiff as a "three-striker"

under the Prison Litigation Reform Act. *Perry v. Frizzell*, Case No. 17-12551J (11th Cir. August 10, 2017).

Because Plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown,* 387 F.3d 1344. To determine whether a prisoner satisfies the imminent danger exception, the Court considers "the prisoner's complaint as a whole, which must be construed liberally and the allegations of which must be accepted as true." *Owens v. Schwartz*, 519 F. App'x 992, 994 (11th Cir. 2013) (*citing Brown*, 387 F.3d at 1350). General and conclusory allegations not founded on specific facts are insufficient to invoke the exception to § 1915(g). *Brown*, 387 F.3d at 1350 (*citing Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). A prisoner's allegation of past imminent danger is not sufficient to invoke the imminent danger exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

Construing the complaint liberally and as a whole, the Court finds that Plaintiff's allegations do not qualify him for § 1915(g)'s imminent danger exception. Plaintiff alleges that on August 11, 2018, while confined in Charlotte Correctional Institution, Plaintiff was physically assaulted, threatened by correctional officers, and initially denied the medical treatment he believed he needed. Doc. 1 at 7-9. The Complaint then states that Plaintiff was taken to an outside hospital. *Id*. at 11. Plaintiff avers that he fears for his life due to the continued threats by correctional officers at Charlotte Correctional Institution. *Id*. at 12. At the time Plaintiff filed his Complaint, however, he was no longer confined at Charlotte Correctional Institution having been transferred to Union Connectional

Institution.[2] Plaintiff's transfer out of Charlotte Correctional Institution nullifies his allegation of imminent threat because "[a]n allegation of past imminent danger will not invoke the 'imminent' danger exception." Owens v Schwartz, 519 F. App'x at 994 (finding Plaintiff's allegations of attacks at a former facility are insufficient to trigger the imminent danger exception after he had been transferred to a different facility after filing his complaint).

Because Plaintiff failed to pay the filing fee at the time he initiated this action, and because it plainly appears he is not entitled to proceed *in forma pauperis*, this case must be dismissed without prejudice pursuant to § 1915(g). Plaintiff may refile an action accompanied by the requisite $350.00 filing fee if he wishes to prosecute his complaint.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.
2. The **Clerk of Court** shall terminate any pending motions, enter judgment, and close this file.

**DONE** and **ORDERED** in Fort Myers, Florida this 28th day of September 2018.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

FTMP-1
Copies: All Parties of Record

---

[2] The Court has confirmed that as of the date of this Order, Plaintiff remains confined in Union Correctional Institution. See www.dc.state.fl.us/offednersearch/detail.